(Official Form 1) (9/01)                                                                    FORM B1, Page 1

| FORM B1 | **United States Bankruptcy Court**<br>**Middle District of North Carolina** | Voluntary Petition<br>**02-51621** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Triplett III, Robert L.** | Name of Joint Debtor (Spouse)(Last, First, Middle):<br>**Triplett, Melodie A.** |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>**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** | Soc. Sec./Tax I.D. No. (if more than one, state all):<br>**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** |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**116 Jes Wes Lane**<br>**Lexington, NC 27295** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>**116 Jes Wes Lane**<br>**Lexington, NC 27295** |
| County of Residence or of the<br>Principal Place of Business:   **Davidson** | County of Residence or of the<br>Principal Place of Business:   **Davidson** |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box) |
|---|---|---|
| ☑ Individual(s)   ☐ Railroad | | ☑ Chapter 7    ☐ Chapter 11    ☐ Chapter 13 |
| ☐ Corporation   ☐ Stockbroker | | ☐ Chapter 9    ☐ Chapter 12 |
| ☐ Partnership   ☐ Commodity Broker | | ☐ Sec. 304 - Case ancillary to foreign proceeding |
| ☐ Other _____ | | |

| **Nature of Debts** (Check one box) | **Filing Fee** (Check one box) |
|---|---|
| ☑ Consumer/Non-Business   ☐ Business | ☑ Full Filing Fee Attached |

**Chapter 11 Small Business** (Check all boxes that apply)

☐ Debtor is a small business as defined in 11 U.S.C. § 101

☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Statistical/Administrative Information** (Estimates only)                                              THIS SPACE IS FOR COURT USE ONLY

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.

☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors | 1-15 ☐ | 16-49 ☑ | | |
|---|---|---|---|---|

| Estimated Assets | | | | |
|---|---|---|---|---|
| $0 to $50,000 ☑ | $50,001 to $100,000 ☐ | $100,001 to $500,000 ☐ | $500,001 to $1 million ☐ | $1,00... $10... ☐ |

| Estimated Debts | | | | |
|---|---|---|---|---|
| $0 to $50,000 ☐ | $50,001 to $100,000 ☐ | $100,001 to $500,000 ☑ | $500,001 to $1 million ☐ | $1,00... $10... ☐ |

**UNITED STATES BANKRUPTCY COURT**
MIDDLE DISTRICT OF NORTH CAROLINA          RECEIPT

| Case # 02-51621   Chapter 7 | # 050028739 - CC |
|---|---|
| Filed: 12:37 PM, 06/25/02 Winston-Salem | 12:49 PM, June 25, 2002 |

| Code | Qty | Amount |
|---|---|---|
| 07 | 1 | $200.00 |

Judge: Catharine R. Carruthers
Trustee: Edwin H Ferguson, Jr.
Debtor(s):
Robert L. Triplett, III
Melodie A. Triplett

**First Meeting of Creditors**
09:00 AM, July 26, 2002
Creditor's Mtg. Rm., 1st Fl., WS
U.S. Bankruptcy Court
226 South Liberty Street
Winston-Salem, NC 27101

ORIGINAL

**TOTAL PAID: $200.00**
From: R. Michael Wells
Suite 200
195 Sunnynoll Ct.
Winston-Salem, NC 27106-0000

FES PAID IN FULL

**(Official Form 1) (9/01)**

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Robert L. Triplett III, Melodie A. Triplett** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)** | | |
|---|---|---|
| Location Where Filed:    **NONE** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)** | | |
|---|---|---|
| Name of Debtor: **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

*June 24, 2002*
Date

X _____
Signature of Attorney for Debtor(s)

**R. Michael Wells, 6439**
Printed Name of Attorney for Debtor(s) / Bar No.

**Wells Jenkins Lucas & Jenkins, PLLC**
Firm Name

**155 Sunnynoll Court  Suite 200**
Address

**Winston-Salem, NC  27106**

**336-725-2900**              **336-723-9619**
Telephone Number

*June 24, 2002*
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐  Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____   6-24-02
Signature of Attorney for Debtor(s)          Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☒  No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X **Not Applicable**
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

(4/98) West Group, Rochester, NY

# STATEMENT OF INFORMATION REQUIRED BY 11 U.S.C. § 341

INTRODUCTION

Pursuant to the Bankruptcy Reform Act of 1994, the Office of the United States Trustee, United States Department of Justice, has prepared this information sheet to help you understand some of the possible consequences of filing a bankruptcy petition under chapter 7 of the Bankruptcy Code. This information is intended to make you aware of

(1) the potential consequences of seeking a discharge in bankruptcy, including the effects on credit history;
(2) the effect of receiving a discharge of debts;
(3) the effect of reaffirming a debt; and
(4) your ability to file a petition under a different chapter of the Bankruptcy Code.

There are many other provisions of the Bankruptcy Code that may affect your situation. This information sheet contains only general principles of law and is not a substitute for legal advice. If you have questions or need further information as to how the bankruptcy laws apply to your specific case, you should consult with your lawyer.

WHAT IS A DISCHARGE?

The filing of a chapter 7 petition is designed to result in a discharge of most of the debts you listed on your bankruptcy schedules. A discharge is a court order that says you do not have to repay your debts, but there are a number of exceptions. Debts which may not be discharged in your chapter 7 case include, for example, most taxes, child support, alimony, and student loans; court-ordered fines and restitution; debts obtained through fraud or deception; and personal injury debts caused by driving while intoxicated or taking drugs. Your discharge may be denied entirely if you, for example, destroy or conceal property; destroy, conceal or falsify records; or make a false oath. Creditors cannot ask you to pay any debts which have been discharged. You can only receive a chapter 7 discharge once every six (6) years.

WHAT ARE THE POTENTIAL EFFECTS OF A DISCHARGE?

The fact that you filed bankruptcy can appear on your credit report for as long as 10 years. Thus, filing a bankruptcy petition may affect your ability to obtain credit in the future. Also, you may not be excused from repaying any debts that were not listed on your bankruptcy schedules or that you incurred after you filed bankruptcy.

WHAT ARE THE EFFECTS OF REAFFIRMING A DEBT?

After you file your petition, a creditor may ask you to reaffirm a certain debt or you may seek to do so on your own. Reaffirming a debt means that you sign and file with the court a legally enforceable document, which states that you promise to repay all or a portion of the debt that may otherwise have been discharged in your bankruptcy case. Reaffirmation agreements must generally be filed with the court within 60 days after the first meeting of creditors.

Reaffirmation agreements are strictly voluntary - they are not required by the Bankruptcy Code or other state or federal law. You can voluntarily repay any debt instead of signing a reaffirmation agreement, but there may be valid reasons for wanting to reaffirm a particular debt.

Reaffirmation agreements must not impose an undue burden on you or your dependents and must be in your best interest. If you decide to sign a reaffirmation agreement, you may cancel it at any time before the court issues your discharge order or within sixty (60) days after the reaffirmation agreement was filed with the court, whichever is later. If you reaffirm a debt and fail to make the payments required in the reaffirmation agreement, the creditor can take action against you to recover any property that was given as security for the loan and you may remain personally liable for any remaining debt.

OTHER BANKRUPTCY OPTIONS

You have a choice in deciding what chapter of the Bankruptcy Code will best suit your needs. Even if you have already filed for relief under chapter 7, you may be eligible to convert your case to a different chapter.

Chapter 7 is the liquidation chapter of the Bankruptcy Code. Under chapter 7, a trustee is appointed to collect and sell, if economically feasible, all property you own that is not exempt from these actions.

Chapter 11 is the reorganization chapter most commonly used by businesses, but it is also available to individuals. Creditors vote on whether to accept or reject a plan, which also must be approved by the court. While the debtor normally remains in control of the assets, the court can order the appointment of a trustee to take possession and control of the business.

Chapter 12 offers bankruptcy relief to those who qualify as family farmers. Family farmers must propose a plan to repay their creditors over a three-to-five year period and it must be approved by the court. Plan payments are made through a chapter 12 trustee, who also monitors the debtors' farming operations during the pendency of the plan.

Finally, chapter 13 generally permits individuals to keep their property by repaying creditors out of their future income. Each chapter 13 debtor writes a plan which must be approved by the bankruptcy court. The debtor must pay the chapter 13 trustee the amounts set forth in their plan. Debtors receive a discharge after they complete their chapter 13 repayment plan. Chapter 13 is only available to individuals with regular income whose debts do not exceed $1,077,000 ($269,250 in unsecured debts and $807,750 in secured debts).

AGAIN, PLEASE SPEAK TO YOUR LAWYER IF YOU NEED FURTHER INFORMATION OR EXPLANATION, INCLUDING HOW THE BANKRUPTCY LAWS RELATE TO YOUR SPECIFIC CASE.

# UNITED STATES BANKRUPTCY COURT

## Middle District of North Carolina

In re: **Robert L. Triplett III**      **Melodie A. Triplett**      Case No. _____
**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**           **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**

Debtors                                                      Chapter    **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 850.00 |
| Prior to the filing of this statement I have received | $ | 850.00 |
| Balance Due | $ | 0.00 |

2. The source of compensation paid to me was:

   ☑ Debtor                    ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor                    ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a)  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b)  Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)  [Other provisions as needed]
       **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

   **This fee covers through the First Creditors Meeting. All other matters, particularly, but without limitation, objections to discharge or to exemptions or values and adversary proceedings, are not included. All additional items are billable at regular billing rates.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: _June 24, 2002_

_____
**R. Michael Wells, Bar No. 6439**

**Wells Jenkins Lucas & Jenkins, PLLC**
Attorney for Debtor(s)

---

# United States Bankruptcy Court
## Middle District of North Carolina
## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

> The purpose of this notice is to acquaint you with the four chapters of the Federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

### Chapter 7: Liquidation ($155.00 filing fee plus $30.00 administrative fee plus $15.00 trustee surcharge)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed the certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to a valid security interest. Your attorney can explain the options that are available to you.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155.00 filing fee plus $30.00 administrative fee)

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3. Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

### Chapter 11: Reorganization ($800.00 filing fee)

Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer ($200.00 filing fee)

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to a chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family owned farm.

I, the debtor, affirm that I have read this notice.

_June 24, 2002_     _Robert L. Triplett III_            Case Number
Date       **Robert L. Triplett III**, Debtor

_June 24, 2002_     _Melodie A. Triplett_
Date       **Melodie A. Triplett**, Joint Debtor

FORM B6A

(6/90)

In re: **Robert L. Triplett III**      **Melodie A. Triplett**   ,    Case No. _____

           **Debtor**                                                                         **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| | | Total ➢ | 0.00 | |

(Report also on Summary of Schedules.)

FORM B6B
(10/89)

In re __Robert L. Triplett III__ _____ __Melodie A. Triplett__ _____ ' Case No. _____
   Debtor                                                      (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | BB&T Checking | J | 80.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | Landlord deposit | J | 1,000.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Furniture, appliances, etc. | J | 2,600.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | | Jewelry | J | 500.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Firearms and hobby equipment | J | 175.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |

In re **Robert L. Triplett III**          **Melodie A. Triplett**          Case No. _____
　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(It known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1994 Lincoln Mark VIII | H | 4,050.00 |
| | | 1996 Toyota Previa | H | 6,225.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |

In re __Robert L. Triplett III__     __Melodie A. Triplett__          '    Case No. _____
                    __Debtor__                                                    (if known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | | **Tools** | | 200.00 |

   __2__    continuation sheets attached        Total ᐳ    **$ 14,830.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

FORM B6C
(6/90)

In re **Robert L. Triplett III**          **Melodie A. Triplett**          , Case No. _____

          Debtor.                                                                    (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1)     Exemptions provided in 11 U.S.C. § 522(d).     **Note: These exemptions are available only in certain states.**

☑ 11 U.S.C. § 522(b)(2)     Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
|  |  |  |  |

## See Local Forms 91C attached here to

FORM B6D
(6/90)

In re:  **Robert L. Triplett III**          **Melodie A. Triplett**          ,          Case No.  _____

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   001010000000148975 <br><br>**Southeast Toyota**<br>**PO Box 96052**<br>**Charlotte, NC  28296-0052** | | H | 08/01/1999<br>**Security Agreement**<br>**1996 Toyota Previa**<br><br>**VALUE $6,225.00** | X | | | 8,320.00 | 2,095.00 |

<u>0</u> Continuation sheets attached

|  | | |
|---|---|---|
| Subtotal  ➤<br>(Total of this page) | | **$8,320.00** |
| Total  ➤<br>(Use only on last page) | | **$8,320.00** |
| | | (Report total also on Summary of Schedules) |

In re: **Robert L. Triplett III**      **Melodie A. Triplett**      ,      Case No. _____
            Debtor                                                                   (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**      (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**

Claims of individuals up to $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Other Priority Debts**

\* Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

1  Continuation sheets attached

In re: **Robert L. Triplett III**        **Melodie A. Triplett**        ,        Case No.
_____
Debtor                                                                          (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |

Sheet no. _1_ of _1_ sheets attached to Schedule of Creditors Holding Priority Claims

Subtotal      >
(Total of this page)

Total      >
(Use only on last page of the completed Schedule E)
(Report total also on Summary of Schedules)

| |
|---|
| $0.00 |
| $0.00 |

FORM B6F (Official Form 6F) - (9/97)

In re: __Robert L. Triplett III__      __Melodie A. Triplett__ ,    Case No. _____
         Debtor                                                             (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **3029154014d** <br> American Express <br> Travel Related Services <br> PO Box 53809 <br> Phoenix, AZ 85072-3809 <br><br> American Express <br> c/o Law Offices of Mitchell N. Kay <br> 7 Penn Plaza <br> New York, NY 10001-3995 | | W | 1-00 <br> Credit card | X | | | 3,870.12 |
| ACCOUNT NO.   **17056027** <br> American General <br> 556 Hanes Mall Blvd. <br> Winston-Salem, NC 27103-5634 | | H | 1-01 <br> Repossession | X | | | Unknown |
| ACCOUNT NO.   **4388641340635569d** <br> Capital One <br> PO Box 85015 <br> Richmond, VA 23285-5015 <br><br> Capital One <br> c/o Law Offices of Mitchell N. Kay <br> 7 Penn Plaza <br> New York, NY 10001-3995 | | J | 6-00 <br> Credit card | X | | | 10,473.40 |
| ACCOUNT NO.   **5424180251201411** <br> Citibank Credit Services/Citibank <br> 4600 Houston Road <br> Florence, KY 41042 <br><br> Citibank Credit Services/Citibank <br> c/o Northland Group, Inc. <br> PO Box 390846 <br> Edina, MN 55439 | | J | 6-00 <br> Credit card | X | | | 1,520.53 |

**6**   Continuation sheets attached

Subtotal   >

Total   >

| $15,864.05 |
|---|

FORM B6F - Cont.
(10/89)

In re: __Robert L. Triplett III__      __Melodie A. Triplett__ ,    Case No. _____
         Debtor                                                           (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    4128002818137080<br><br>Citicorp Credit Services/Citibank<br>4600 Houston Road<br>Florence, KY 41042<br><br><br>Citicorp Credit Services/Citibank<br>c/o Academy Collection Service<br>109565 Decatur Road<br>Philadelphia, PA 19154-3210 | | J | 6-00<br><br>Credit card | X | | | 2,607.58 |
| ACCOUNT NO.    5410654638246311<br><br>Citicorp Credit Services/Citibank<br>4600 Houston Road<br>Florence, KY 41042 | | J | 6-00<br><br>Credit card | X | | | 4,826.79 |
| ACCOUNT NO.    4128002378193168<br><br>Citicorp Credit Services/Citibank<br>4600 Houston Road<br>Florence, KY 41042<br><br><br>Citicorp Credit Services/Citibank<br>Encore Receivable Management<br>PO Box 3330<br>Olathe, KS 66063-3330 | | J | 6-00<br><br>Credit card | X | | | 2,450.82 |
| ACCOUNT NO.    5458000593063056<br><br>Direct Merchants Bank<br>PO Box 21550<br>Tulsa, OK 74121-1550 | | W | 6-00<br><br>Credit card | X | | | 3,444.68 |

Sheet no. _1_ of _6_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

                 Subtotal ▸      **$13,329.87**
       (Total of this page)

                     Total ▸
    (Use only on last page of the completed Schedule F.)

In re: __Robert L. Triplett III_____ __Melodie A. Triplett_____ ,     Case No. _____
             Debtor                                                             (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    3036003923 <br><br> Exxon <br> PO Box 103031 <br> Roswell, GA 30076 <br><br><br> Exxon <br> c/o Client Services, Inc. <br> 221 Point West Blvd. <br> St. Charles, MD 63301 | | H | 6-00 <br><br> Credit card | X | | | 526.16 |
| ACCOUNT NO.    4053555005030789 <br><br> First North American National Bank <br> PO Box 42336 <br> Richmond, VA 23242-2336 <br><br><br> First North American National Bank <br> c/o Recovery Partners II <br> PO Box 397 <br> Farmingdale, NY 11735-0397 | | W | 6-00 <br><br> Credit card | X | | | 2,192.52 |
| ACCOUNT NO.    43864326200165171 <br><br> First Union <br> 123 S. Broad Street <br> Philadelphia, PA 19109 | | J | 8-00 <br><br> Foreclosure | X | | | 13,349.33 |
| ACCOUNT NO.    4361065010650057 <br><br> First Union National Bank <br> 123 S. Broad Street PA 1348 <br> Philadelphia, PA 19109 <br><br><br> First Union National Bank <br> c/o Professional Recovery Systems <br> PO Box 1880 <br> Vorhees, NJ 08043 | | J | 1-00 <br><br> Credit card | X | | | 1,515.24 |

Sheet no. _2_ of _6_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                     Subtotal   ➤          $17,583.25
                                                 (Total of this page)

                                                      Total   ➤
                        (Use only on last page of the completed Schedule F.)

In re:   **Robert L. Triplett III**          **Melodie A. Triplett**                    ,      Case No. _____

        Debtor                                                                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **136518545**<br><br>**Homeside Lending, Inc.**<br>**PO Box 47524**<br>**San Antonio, TX  78265-7524**<br><br><br>**Homeside Lending, Inc.**<br>**c/o Elizabeth B. Ells or**<br>**David W. Neill**<br>**8520 Cliff Cameron Drive, Suite 300**<br>**Charlotte, NC  28269**<br><br>**Homeside Lending, Inc.**<br>**c/o Federal National Mortgage Corp.**<br>**PO Box 44090**<br>**Jacksonville, FL  32231-4090** |  | J | **12-95**<br>**Foreclosure** | X |  |  | 190,639.61 |
| ACCOUNT NO.   **0007001098000003390**<br><br>**Household Bank**<br>**PO Box 15521**<br>**Wilmington, DE  219850-5521**<br><br><br>**Household Bank**<br>**c/o Corporate Receivables, Inc.**<br>**PO Box 32995**<br>**Phoenix, AZ  85064-2995** |  | H | **6-98**<br>**Credit card** | X |  |  | 2,546.63 |
| ACCOUNT NO.   **7011127000039175**<br><br>**Household Bank**<br>**PO Box 4144**<br>**Carol Stream, IL  60197-4144**<br><br><br>**Household Bank**<br>**c/o Corporate Receivables, Inc.**<br>**PO Box 32995**<br>**Phoenix, AZ  85064-2995** |  | H | **1-97**<br>**Credit card** | X |  |  | 4,271.16 |

Sheet no. <u>3</u> of <u>6</u> continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal  ➤
(Total of this page)

Total  ➤
(Use only on last page of the completed Schedule F.)

| | |
|---|
| **$197,457.40** |
| |

FORM B6F - Cont.
(10/89)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. __0007001098000000610__<br><br>**Household Bank**<br>**PO Box 15521**<br>**Wilmington, DE 19850-5521**<br><br><br>**Household Bank**<br>**c/o Corporate Receivable, Inc.**<br>**PO Box 32995**<br>**Phoenix, AZ 85064-2995** | | H | 6-98<br><br>**Credit card** | X | | | 1,470.87 |
| ACCOUNT NO. __1987396650__<br><br>**JC Penney**<br>**PO Box 27570**<br>**Albuquerque, NM 87125** | | W | 6-00<br><br>**Credit card** | X | | | 1,108.54 |
| ACCOUNT NO. _____<br><br>**Kenneth R. Phillips, DDS**<br>**3165 Maplewood Avenue**<br>**Winston-Salem, NC 27103**<br><br><br>**Kenneth R. Phillips, DDS**<br>**c/o Wilson, DeGraw, Miller & Bowden**<br>**3911 University Parkway**<br>**Winston-Salem, NC 27106** | | H | 6-11-01<br><br>**Medical** | X | | | 269.00 |
| ACCOUNT NO. __0036600089__<br><br>**Lexington Memorial Hospital**<br>**PO Box 1817**<br>**Lexington, NC 27293-1817**<br><br><br>**Lexington Memorial Hospital**<br>**c/o Southeast Legal Recovery**<br>**1515 Mockingbird Lane, Suite 913**<br>**Charlotte, NC 28209** | | H | 12-31-00<br><br>**Medical** | X | | | 75.00 |

Sheet no. __4__ of __6__ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

          Subtotal  ➤     **$2,923.41**
          (Total of this page)

          Total  ➤
(Use only on last page of the completed Schedule F.)

FORM B6F - Cont.
(10/89)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Lexington Memorial Hospital<br>PO Box 1817<br>Lexington, NC 27293-1817<br><br>Lexington Memorial Hospital<br>c/o Southeast Legal Recovery<br>1515 Mockingbird Lane, Suite 913<br>Charlotte, NC 28209 | | H | 1-1-01<br><br>Medical | X | | | 75.00 |
| ACCOUNT NO. 007433090360<br><br>NC Baptist Hospitals, Inc.<br>PO Box 751727<br>Charlotte, NC 29275-1727<br><br>NC Baptist Hospitals, Inc.<br>c/o Medical Collections System<br>301 Miller Street, Suite 201<br>Winston-Salem, NC 27103 | | H | 12-24-01<br><br>Medical | X | | | 310.31 |
| ACCOUNT NO. 007433090360<br><br>NC Baptist Hospitals, Inc.<br>PO Box 751727<br>Charlotte, NC 28275-1727<br><br>NC Baptist Hospitals, Inc.<br>c/o Medical Collections System<br>301 Miller Street, Suite 201<br>Winston-Salem, NC 27103 | | H | 12-25-00<br><br>Medical | X | | | 854.44 |

Sheet no. _5_ of _6_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ (Total of this page)

Total ➤ (Use only on last page of the completed Schedule F.)

$1,239.75

In re:  __Robert L. Triplett III__        __Melodie A. Triplett__              ,  Case No. _____

       Debtor                                                                          (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  0554087329401 | | W | 6-00 | X | | | 2,354.29 |
| Sears<br>PO Box 555<br>Columbus, OH  43216<br><br>Sears<br>c/o Allied Interstate Inc.<br>PO Box 16336<br>West Palm Beach, FL  33416-6334<br><br>Sears<br>45 Congress Street<br>Salem, MA  01970 | | | Credit card | | | | |
| ACCOUNT NO.  0009070559917700001 | | H | 1-01 | X | | | 175.06 |
| Verizon Wireless<br>420-G Jonestown Road<br>Winston-Salem, NC  27104<br><br>Verizon Wireless<br>c/o Law Offices of Bass & Assoc.<br>Buckhead Centre, Suite 622<br>2970 Peachtree Road, NW<br>Atlanta, GA  30305 | | | Utility | | | | |
| ACCOUNT NO.  3050320 | | H | 1-01 | X | | | 37.50 |
| Winston-Salem Journal<br>418 N. Marshall Street<br>Winston-Salem, NC  27101<br><br>Winston-Salem Journal<br>c/o Biehl & Biehl, Inc.<br>411 E. Irving Park Road<br>Bensenville, IL  60106 | | | On account | | | | |

Sheet no. _6_ of _6_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority
Claims

Subtotal  >    | $2,566.85
(Total of this page)

Total  >    | $250,964.58
(Use only on last page of the completed Schedule F.)

(Report also on Summary of Schedules)

Form B6G
(10/89)

In re: **Robert L. Triplett III**        **Melodie A. Triplett**              , **Case No.** _____
_____        _____
            Debtor                                                         (If known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **Hickory Tree Realty** | **116 Jes Wes Lane, Lexington, NC** |

B6H
(6/90)

In re: **Robert L. Triplett III**      **Melodie A. Triplett**   ,   Case No. _____
     Debtor                                                            (If known)

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
| | |

FORM B6I
(6/90)

In re  **Robert L. Triplett III, Melodie A. Triplett**                    , Case No. _____

Debtor                                                                                      (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: **Married** | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Debtor's Age: Spouse's Age: | NAMES **LeeAnn M. Triplett** **Ashley M. Triplett** | AGE 16 14 | RELATIONSHIP Daughter Daughter |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Computer Consultant** | **Substitute Teacher** |
| Name of Employer | **Market Scan** | **Davidson County Sch.** |
| How long employed | **5 months** | **2 years** |
| Address of Employer | **31416 Agoura Road, Suite 205, Westlake Village, CA  91361** | PO Box 2057 Lexington, NC  27293 |

| Income: (Estimate of average monthly income) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ | 3,500.00 | $ | 456.00 |
| Estimated monthly overtime | $ | 0.00 | $ | 0.00 |
| SUBTOTAL | $ | 3,500.00 | $ | 456.00 |
| LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | 241.96 | $ | 49.28 |
| b. Insurance | $ | 608.60 | $ | 0.00 |
| c. Union dues | $ | 0.00 | $ | 0.00 |
| d. Other (Specify) _____ | $ | 0.00 | $ | 0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 850.56 | $ | 49.28 |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | 2,649.44 | $ | 406.72 |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ | 0.00 | $ | 0.00 |
| Income from real property | $ | 0.00 | $ | 0.00 |
| Interest and dividends | $ | 0.00 | $ | 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | 0.00 | $ | 0.00 |
| Social security or other government assistance (Specify) | $ | 0.00 | $ | 0.00 |
| Pension or retirement income | $ | 0.00 | $ | 0.00 |
| Other monthly income (Specify) _____ | $ | 0.00 | $ | 0.00 |
| TOTAL MONTHLY INCOME | $ | 2,649.44 | $ | 406.72 |

TOTAL COMBINED MONTHLY INCOME  _____ **$ 3,056.16** _____  (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:                    **NONE**

Form B6J
(6/90)

In re  **Robert L. Triplett III, Melodie A. Triplett**                                    ,  Case No. _____

Debtor                                                                                          (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate
schedule of expenditures labeled "Spouse".

| | | | |
|---|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | | $ | 1,000.00 |
| Are real estate taxes included?  Yes _____  No ✓ | | | |
| Is property insurance included?  Yes _____  No ✓ | | | |
| Utilities  Electricity and heating fuel | | $ | 200.00 |
| Water and sewer | | $ | 30.00 |
| Telephone | | $ | 65.00 |
| Other  **Cable television** | | $ | 35.00 |
| **Garbage service** | | $ | 15.00 |
| Home maintenance (repairs and upkeep) | | $ | 30.00 |
| Food | | $ | 600.00 |
| Clothing | | $ | 100.00 |
| Laundry and dry cleaning | | $ | 30.00 |
| Medical and dental expenses | | $ | 200.00 |
| Transportation (not including car payments) | | $ | 175.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 75.00 |
| Charitable contributions | | $ | 30.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | | |
| Homeowner's or renter's | | $ | 0.00 |
| Life | | $ | 0.00 |
| Health | | $ | 0.00 |
| Auto | | $ | 100.00 |
| Other | | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | | |
| (Specify)  **Personal property taxes** | | $ | 25.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | | |
| Auto | | $ | 319.00 |
| Other | | $ | 0.00 |
| Alimony, maintenance or support paid to others | | $ | 0.00 |
| Payments for support of additional dependents not living at your home | | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 375.00 |
| Other  **Gifts, barber & Beauty shops, etc.** | | $ | 75.00 |
| **School expenses** | | $ | 100.00 |

| | | |
|---|---|---:|
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 3,579.00 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]

Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at
some other regular interval.

| | | |
|---|---|---|
| A. Total projected monthly income | $ | |
| B. Total projected monthly expenses | $ | |
| C. Excess income (A minus B) | $ | |
| D. Total amount to be paid into plan each _____ | $ | |
| (interval) | | |

Form B6
(6/90)

# United States Bankruptcy Court
## Middle District of North Carolina

In re   **Robert L. Triplett III**                    **Melodie A. Triplett**          Case No,

                                                                          Chapter    **7**

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 0.00 | | |
| B - Personal Property | YES | 3 | $ 14,830.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 8,320.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 7 | | $ 250,964.58 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 3,056.16 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 3,579.00 |
| Total Number of sheets in ALL Schedules > | | 19 | | | |
| Total Assets > | | | $ 14,830.00 | | |
| Total Liabilities > | | | | $ 259,284.58 | |

In re:  **Robert L. Triplett III**  **Melodie A. Triplett**  Case No.
**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**  **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**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **19** sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.

Date: *June 24, 2002*  Signature _____
**Robert L. Triplett III**

Date: *June 24, 2002*  Signature _____
**Melodie A. Triplett**

[If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF CORPORATION OR PARTNERSHIP

(NOT APPLICABLE)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

**UNITED STATES BANKRUPTCY COURT**

**Middle District of North Carolina**

In re:   **Robert L. Triplett III**            **Melodie A. Triplett**          Case No. _____
         **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**                        **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**               Chapter    **7**

# STATEMENT OF FINANCIAL AFFAIRS

---

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| **90,207.00** | **Employment** | **2000** |
| **34,953.00** | **Employment** | **2001** |
| **27,822.00** | **Employment** | **2002** |

---

### 2. Income other than from employment or operation of business

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| **1,875.00** | **Unemployment** | **2001** |

---

### 3. Payments to creditors

None
☑

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

b. List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a.  List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **First Union v. Robert and Melodie Triplett** | **Collection for money owed - foreclosure deficiency.** | **Forsyth County** | **Judgment pending.** |

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5. Repossessions, foreclosures and returns

None
☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **HomeSide Lending, Inc. PO Box 47524 San Antonio, TX 78265** | | **373 Ashmoor Lane, Lexington, NC 27295** |

## 6. Assignments and receiverships

None
☑

a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS<br>OF CUSTODIAN | NAME AND ADDRESS<br>OF COURT<br>CASE TITLE & NUMBER | DATE OF<br>ORDER | DESCRIPTION<br>AND VALUE OF<br>PROPERTY |
|---|---|---|---|

## 7. Gifts

None<br>☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF PERSON<br>OR ORGANIZATION | RELATIONSHIP<br>TO DEBTOR,<br>IF ANY | DATE<br>OF GIFT | DESCRIPTION<br>AND VALUE OF<br>GIFT |
|---|---|---|---|

## 8. Losses

None<br>☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION<br>AND VALUE OF<br>PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF<br>LOSS WAS COVERED IN WHOLE OR IN PART<br>BY INSURANCE, GIVE PARTICULARS | DATE OF<br>LOSS |
|---|---|---|

## 9. Payments related to debt counseling or bankruptcy

None<br>☑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS<br>OF PAYEE | DATE OF PAYMENT,<br>NAME OF PAYOR IF<br>OTHER THAN DEBTOR | AMOUNT OF MONEY OR<br>DESCRIPTION AND VALUE<br>OF PROPERTY |
|---|---|---|

## 10. Other transfers

None<br>☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE,<br>RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY<br>TRANSFERRED<br>AND VALUE RECEIVED |
|---|---|---|

## 11. Closed financial accounts

| None | List all financial accounts and instruments held in the name of the debtor or for the benefit of |
| --- | --- |
| ☐ | the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding |

the commencement of this case. Include checking, savings, or other financial accounts,
certificates of deposit, or other instruments; shares and share accounts held in banks, credit
unions, pension funds, cooperatives, associations, brokerage houses and other financial
institutions. (Married debtors filing under chapter 12 or chapter 13 must include information
concerning accounts or instruments held by or for either or both spouses whether or not a joint
petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |
| **Lexington State Bank**<br>**6123 Old US Highway 52**<br>**Welcome, NC 27374** | **Checking account #0007223455** | **10-9-01**<br>**$255.72** |

## 12. Safe deposit boxes

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities,
cash, or other valuables within **one year** immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either
or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

## 13. Setoffs

None ☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor
within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12
or chapter 13 must include information concerning either or both spouses whether or not a joint
petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

## 14. Property held for another person

None ☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

## 15. Prior address of debtor

None ☐

If the debtor has moved within the **two years** immediately preceding the commencement of this
case, list all premises which the debtor occupied during that period and vacated prior to the
commencement of this case. If a joint petition is filed, report also any separate address of either
spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |
| **373 Ashmoor Lane**<br>**Lexington, NC 27295** | **Robert and Melodie Triplett** | **12/95-7/01** |

## 16. Spouses and Former Spouses

None ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.     List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
☑

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.     List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.     List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

None
☑

a.    If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

If the debtor is a partnership, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
|      |      |      |      |      |

b.    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|------|---------|
|      |         |

\* \* \* \* \* \*

*[if completed by an individual or individual  and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _June 24, 2002_

Signature of Debtor _____
Robert L. Triplett III

Date _June 24, 2002_

Signature of Joint Debtor _____
Melodie A. Triplett

# UNITED STATES BANKRUPTCY COURT
## Middle District of North Carolina

In re: **Robert L. Triplett III**      **Melodie A. Triplett**      Case No. _____
       **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**              **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**          Chapter   **7**

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. I intend to do the following with respect to the property of the estate which secures those consumer debts:

   a. *Property To Be Surrendered.*

   Description of Property                    Creditor's Name

        **None**

   b. *Property To Be Retained.*               *[Check any applicable statement.]*

| Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) | Other |
|---|---|---|---|---|---|
| 1. 1996 Toyota Previa | Southeast Toyota | X | | | |

Date: *June 24, 2002*                    *[signature]*
                                      Signature of Debtor

Date: *June 24, 2002*                    *Melodie A Triplett*
                                        Signature of Joint Debtor